**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JEFFREY JOHNSON,**

        **Plaintiff,**

                                      **Case No. 2:11-cv-260**

    **v.**                              **JUDGE GREGORY L. FROST**

                                      **Magistrate Judge Terence P. Kemp**

**GUARDSMARK, INC.,**

        **Defendant.**

## ORDER

       This matter is before the Court for consideration of Defendant's combined motion to dismiss and for summary judgment. (ECF No. 21.) For the reasons that follow, this Court finds the motion well taken.

### I. Background

       This case is before the Court in an unusual posture. Plaintiff, Jeffrey B. Johnson, had previously dismissed without prejudice a case against Defendant, Guardsmark, LLC in 2010.[1] (ECF No. 17 in 2:09-cv-1012.) Plaintiff subsequently re-filed his case in March 2011. In his latest *pro se* complaint, Plaintiff asserts that he was employed by Defendant, which denied him promotion to numerous management positions. Plaintiff claims that after he filed complaints with the Ohio Civil Rights Commission ("OCRC"), Defendant retaliated by twice moving the location of his employment without justification. Without elaboration, Plaintiff pleads that he endured "extremely hostile environments" and that his life was in danger on numerous occasions. (ECF No. 4, at 5.) Plaintiff also alleges that he was terminated from employment

---

     [1] Defendant explains in its motion that the complaint improperly identifies it as "Guardsmark, Inc." (ECF No. 21-1, at 1.)

with Fifth Third Bank, although it is not clear to this Court what purported involvement, if any, Defendant had in this termination.

Attachments to the complaint address some of this lack of detail.  According to the OCRC charges of discrimination submitted with the complaint, Plaintiff is an African-American who worked as a security guard and, after complaining of harassment, experienced a cutback in assigned hours, removal from various jobs assignments, and the denial of requested shift changes.  Plaintiff also indicates in a charge that he was constantly harassed by management and that he endured various discriminatory or hostile behavior.  For example, Plaintiff asserts that after drinking from his water bottle, he noticed that someone had tampered with it and that it had a "strange odor/taste."  (ECF No. 4, at 7.)  Allegedly, the police told him that the water bottle contained semen.  In the newest OCRC charge of discrimination that he attached to his complaint, Plaintiff asserts that he had been suspended from his employment.  Although Plaintiff indicates that he was told that he was suspended "because someone in the building found a list of people [he] wanted revenge against," Plaintiff asserts that his suspension was due to his race and in retaliation for his prior complaints.  (ECF No. 4, at 9.)

The Court is uncertain of any larger context into which these allegations fit.  In a letter to this Court, Plaintiff indicated that "[t]his case is much bigger than my discrimination and retaliation charges.  This case has elements that may directly relate to the national security of the United States of America.  The Secret Service has been notified and I am certain that an investigation is forthcoming."  (ECF No. 10, at 1.)  To date, Plaintiff has not updated the Court on any additional allegations as to how national security interests are implicated.

What places this case in an usual posture is the fact that during discovery, Plaintiff failed

to respond to Federal Rule of Civil Procedure 36 requests for admissions that Defendant had served upon him.  Plaintiff also failed to file a memorandum in opposition or otherwise respond to Defendant's combined motion to dismiss and for summary judgment.  (ECF No. 21.)  The time for briefing on the motion has closed, and the motion is now ripe for disposition.

## II.  Discussion

As a threshold matter, this Court notes that Defendant's motion is partially impermissible.  Defendant filed its answer on May 18, 2011.  (ECF No. 8.)  Defendant then filed its "Motion to Dismiss and for Summary Judgment" on November 7, 2011.  (ECF No. 21.)  This motion explains that Defendant "moves to dismiss . . . and/or seeks judgment as a matter of law pursuant to Rules 12(b)(6) and 56, of the Federal Rules of Civil Procedure."  (ECF No. 21, at 1.)  The problem with this approach is that Rule 12(b) provides that "[a] motion asserting any of [the Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  Although Defendant could have raised its Rule 12(b)(6) defense via a motion for judgment on the pleadings, Fed. R. Civ. P. 12(c) and (h)(2)(B), it elected to file the hybrid motion currently before the Court.  The Court therefore declines to consider the Rule 12(b)(6) component of the motion and shall proceed to consider only the Rule 56 component of the filing.

### A.  Standard involved

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence

of an element that is essential to that party's case.  *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B.  Analysis**

Defendant argues that it is entitled to summary judgment based on the Rule 36 requests for admissions to which Plaintiff never responded.  Rule 36 provides that "[a] matter is admitted" if the party upon whom a request was served fails to serve on the requesting party a timely written answer or objection.  Fed. R. Civ. P. 36(a)(3).  The rule also provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  Plaintiff failed to respond to the requests for admissions served upon him and has failed to seek the withdrawal or amendment of the admissions.

4

In light of the foregoing, the Court recognizes as conclusively established the contentions targeted by the following requests for admissions:

**REQUEST NO. 1:** Admit that you lack any evidence that Defendant took an adverse action against you (including but not limited to failing to promote you, demoting you, reducing your pay, transferring you to a different work site, substantially changing your work duties, and/or terminating your employment) <u>because</u> of any prior opposition to any unlawful employment practice, or <u>because</u> of any charge of discrimination filed by you either internally or externally with the Equal Employment Opportunity Commission and/or The Ohio Civil Rights Commission.

**REQUEST NO. 2:** Admit that any reduction in hours experienced by you, in and around August or September of 2008 was the result of your decision to decline multiple assignments offered to you during that period.

**REQUEST NO. 3:** Admit that you were removed from your post at the Wendy's International account for eating competitor foods (including but not limited to McDonald's products) while on duty at the reception desk with the competitor's name clearly identified, against the instruction, training, and wishes of the client and Defendant.

**REQUEST NO. 4:** Admit that your removal from your post at the Wendy's International account for eating competitor foods (including but not limited to McDonald's products) while on duty at the reception desk against the instruction, training, and wishes of the client and Defendant was wholly unrelated to your race and/or unrelated to any opposition to any unlawful employment practice, or <u>because</u> of any charge of discrimination filed by you either internally or externally with the Equal Employment Opportunity Commission and/or The Ohio Civil Rights Commission.

**REQUEST NO. 5:** Admit that you lack any proof that you were subjected to unwelcome conduct by any agent or employee of Defendant directed at you <u>because of</u> your sex.

**REQUEST NO. 6:** Admit that you were terminated from employment with Defendant for poor work performance on May 18, 2010.

**REQUEST NO. 7:** Admit that you lack any proof that your termination from employment with Defendant was because of your race.

**REQUEST NO. 8:** Admit that that [*sic*] you lack any proof that your termination from employment with Defendant was related to any prior opposition to

5

> any unlawful employment practice, or because of any charge of discrimination filed
> by you either internally or externally with the Equal Employment Opportunity
> Commission and/or The Ohio Civil Rights Commission.

(ECF No. 21-2, at 9-11.)  In light of the admissions, this Court agrees with Defendant that it is

entitled to summary judgment.

Defendant asserts that the pleading likely sets forth claims for race discrimination,

retaliation, and wrongful termination or discharge under Title VII and possibly its Ohio law

counterpart, Ohio Revised Code § 4112.02.[2]  Because Plaintiff has not indicated that he intended

to assert different or additional claims, the Court, construing Plaintiff's *pro se* complaint

liberally, will accept Defendant's reasonable construction of the complaint as correct.

Under Title VII, it is an unlawful employment practice for an employer "to discriminate

against any [employee] with respect to the [employee's] compensation, terms, conditions, or

privileges of employment, because of such [employee's] race, color, religion, sex, or national

origin."  42 U.S.C. § 2000e-2(a)(1).  It is considered an unlawful employment practice if an

employer discriminates against an employee because "the [employee] has opposed any practice

made an unlawful employment practice by [Title VII], or because [the employee] has made a

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

hearing under [Title VII]."  42 U.S.C. § 2000e-3(a).  The employee has the burden of proving a

*prima facie* case demonstrating that the employer unlawfully retaliated against the employee.

To establish a *prima facie* case of unlawful retaliation under Title VII, the employee must

---

[2]  The Sixth Circuit has recognized that the standards for Title VII and § 4112 claims are
the same.  *Laderach v. U-Haul of Northwestern Ohio*, 207 F.3d 825, 828 (6th Cir. 2000) (citing
*Little Forest Medical Center of Akron v. Ohio Civil Rights Comm'n*, 61 Ohio St. 3d 607, 609-10,
575 N.E.2d 1164, 1167 (1991)).

present by a preponderance of evidence that: (1) the employee was engaged in a protected activity; (2) the employer knew that the employee was engaged in this protected activity; (3) the employer subsequently took an employment action adverse to the employee; and (4) a causal connection between the protected activity and the adverse employment action exists. *Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003) (citing *Strouss*, 250 F.3d at 342 (6th Cir. 2001); *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000)). The Sixth Circuit has held after a plaintiff has proved the existence of a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. *Abbott,* 348 F.3d at 542 (citing *Nguyen*, 229 F.3d at 562). If the defendant can meet this burden, then the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the defendant's proffered reason was mere pretext. *Abbott*, 348 F.3d at 542 (citing *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)). If the plaintiff demonstrates that the defendant's proffered reasons were pretextual, then the fact finder may infer unlawful retaliation. *Abbott*, 348 F.3d at 542.

Finally, to establish a *prima facie* case of wrongful termination or discharge, Plaintiff must establish that he was a member of a protected class, he was qualified for the position involved, he was terminated from employment, and he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside the protected class. *Neview v. D.O.C. Optics Corp.*, 382 F. App'x 451, 459 (6th Cir. 2010).

The admissions puncture Plaintiff's ability to present a *prima facie* case for any of the foregoing claims, much less pretext. It is conclusively established without a genuine question of material fact that Defendant never took any adverse action against Plaintiff based on his race or

in retaliation for his charges of discrimination.  It is also conclusively established without a genuine question of material fact that Defendant removed Plaintiff from his post at the Wendy's headquarters for a legitimate reason and without regard to his race or in retaliation for his charges of discrimination.  Additionally, there is no evidence that Plaintiff lost his job on account of his race or in retaliation for his charges of discrimination, and there is no evidence before this Court that Plaintiff was replaced by a person outside his protected class or was treated less favorably than a similarly situated individual outside the protected class.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.  (ECF No. 21.)  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.


        /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE